UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.          ) | Cause No.   4:08-cr-0004-RLY-MGN-1 |
| ) | |
| JAMES W. DOTTS, JR., ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE=S REPORT AND RECOMMENDATION

This matter is before the Court pursuant to the Order entered by the Honorable Richard L. Young, U.S. District Court Judge, on February 27, 2013 designating the Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed on February 20, 2013 and to submit to Chief Judge Young proposed Findings of Fact and Recommendations for disposition under Title 18 U.S.C. ' ' 3401(i) and 3583(e) and (g).   An Initial Hearing in this matter was held on February 28, 2013 and disposition proceedings were held on August 28, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] At each hearing in this matter, the defendant, James W. Dotts, Jr. (ADotts@) appeared in person with retained counsel, Patrick J. Renn.   The government appeared by Lauren Wheatley, Assistant United States Attorney.   U. S. Probation appeared by Brian Bowers, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted.  *See,* Title 18 U.S.C.   ' 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. ' 3583:

1. On February 28, 2013, at the Initial Hearing, a copy of the Petition on Offender Under Supervision was provided to Dotts and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

2. Dotts was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

3. Dotts was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

4. Dotts was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

5. Dotts was informed that, if the preliminary hearing resulted in a finding of probable cause that Dotts had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Young=s designation entered on February 27, 2013.

6. Dotts, by counsel, stated his readiness to waive the preliminary examination and detention hearing, but reserved the right to request these hearings at a future time.

7. By separate Order, the Court scheduled the Final Revocation Hearing for April 5, 2013 at 2:30 PM. That hearing and several others were continued upon motion of the parties.

8.  On August 28, 2013, the parties appeared in person for the Final Revocation Hearing. At that time the parties advised the Court they had reached an agreement as to a recommended disposition which they wished to submit to the Court.

9.  Dotts stipulated that he committed a portion of Violation 2, as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on February 20, 2013, as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | *"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."* |
|  | On February 5, 2013, the offender was interviewed by this officer and denied possessing any computer or peripheral devices and denied any unauthorized use of a computer. |

10.  The Court then proceeded to a revocation hearing upon the alleged violations of the Terms of Supervised Release, particularly as set out in Violation Numbers 2 of said Petition. The Court placed Dotts under oath and inquired of him whether he admitted to the specifications alleged in Violation No. 2 of the Petition on Offender Under Supervision, and Dotts admitted the violation contained in Violation Number 2. The Court specifically inquired of Dotts whether he was making these admissions voluntarily and free from any duress, promises or undue influence. The Court further advised Dotts that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Dotts acknowledged in the affirmative.

11.  The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Number 2.

12. The highest grade of Violation (Violation 1) is alleged as a Grade B violation, pursuant to U.S.S.G. ' 7B1.1(b).

13. Dotts has a relevant criminal history category of I. *See,* U.S.S.G. ' 7B1.4(a).

14. The term of imprisonment applicable upon revocation of Dotts= supervised release, therefore, is 4-10 months. *See*, U.S.S.G. ' 7B1.4(a).

15. The parties agreed that Dotts' supervised release should be revoked and Dotts should be sentenced to time served (6 months) with no term of supervised release to follow.

16. The Court was informed that Dotts has signed a plea agreement in the Western District of Kentucky and that district has placed a detainer on him.

17. The Government orally moved to dismiss violation numbers 1, 3, 4 and 5 and that motion was GRANTED.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, James S. Dotts, Jr., violated the above-delineated condition in the Petition.

Mr. Dotts= supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of time served (6 months), with no term of supervised release to follow.

The Magistrate Judge requests that Brian Bowers, U. S. Probation Officer, prepare for submission to the Honorable Richard L. Young, Chief District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Dotts stipulated in open court waiver of the objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C.

§636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D. Ind. L.R. 72.1 (d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Dotts entered the above stipulation and waiver after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Dotts= supervised release and imposing a sentence of imprisonment of time served (6 months) in the custody of the Attorney General or his designee with no term of supervised release to follow.

**IT IS SO RECOMMENDED** this 4th day of September, 2013.

_____
Michael Naville
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record via CM/ECF

U. S. Probation

U. S. Marshal